CHEN GANG, DOES 1-3,                 :
ZOU WENBO, AND OTHERS                 :
SIMILARLY SITUATED                    :
                                      :
      PlaintiffS,                     :
                                      :
v.                                    :    Case No. 3:04-CV-1146 (RNC)
                                      :
ZHAO ZHIZHEN & DOES, 1-5              :
INCLUSIVE                             :
                                      :
      Defendants.                     :

RULING AND ORDER

Plaintiffs seek reconsideration of the denial of their request for leave to file a Third Amended Complaint ("TAC"). They ask the Court to consider several theories of liability under the Torture Victims Protection Act ("TVPA"). Pls.'s Mot. Recons. 2, ECF No. 167. Defendant responds that the TAC fails to allege claims under the TVPA with adequate specificity or plausibility. Def.'s Opp'n 8-10, ECF No. 170. I agree. Accordingly, the motion for reconsideration is granted but I adhere to my ruling denying leave to amend, docketed as ECF No. 162.

Under the plausibility standard that governs federal pleading after Ashcroft v. Iqbal, 556 U.S. 662 (2009), plaintiffs must "plead factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Allegations that are "merely

1

consistent with" liability are insufficient because they "stop[]
short of the line between possibility and plausibility of
'entitlement to relief.'" Id.

Plaintiffs' TVPA claims of aiding and abetting, agency and
conspiracy fail to allege facts giving rise to a plausible claim
even drawing all reasonable inferences in their favor.
Plaintiffs' allegations do not plausibly allege a connection
between defendant's alleged misconduct and plaintiffs' injuries.

The Court of Appeals has not addressed whether the TVPA
authorizes a claim based on aiding and abetting liability. See
Chowdhury v. Worldtel Bangladesh Holding, Ltd., 746 F.3d 42, 53
n.10 (2d Cir. 2014). Even assuming this theory of liability is
available under the statute, plaintiffs' allegations do not
permit the reasonable inference that the defendant aided and
abetted the torture of Lee.

Plaintiffs' agency argument fails for the same reasons as
the command responsibility claim addressed in the ruling. There
are no well-pleaded allegations that the defendant had any
contact or relationship with the individuals who captured and
tortured Lee. At best, they shared membership in a massive
Communist Party apparatus in China, which is too tenuous to
plausibly constitute an agency relationship. This situation
stands in stark contrast to the allegations in Chowdhury, where
the defendant was alleged to have been present and exchanged

2

direct communications with the primary torturers.  746 F.3d at 47 & n.4.

The conspiracy claims assert in conclusory terms that the defendant was "successfully solicited to produce and disseminate . . . propaganda."  TAC ¶ 126.  Lacking is factual content that allows the reasonable inference that the defendant entered into an agreement to commit torture or other acts made illegal by the TVPA.  The standard for alleging a conspiracy requires more than mere assertion of an agreement and actions in line with that agreement.  Iqbal, 556 U.S. at 680; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 565 (2007) ("Although in form a few stray statements speak directly of agreement, on fair reading these are merely legal conclusions . . . .").

Even if plaintiffs could improve upon the allegations in the TAC in an attempt to overcome its deficiencies, they cannot overcome the factors of undue delay and prejudice, discussed in the ruling, which weigh heavily against granting leave to amend. See ECF No. 162, at 13-14.

Accordingly, the motion for reconsideration is hereby granted but I adhere to my ruling denying leave to amend, docketed as ECF No. 162.

So ordered this 30th day of September 2017.


                                    /s/RNC
                              Robert N. Chatigny
                              United States District Judge


3